### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**GARLAND WILLIAMS,**

     **Plaintiff,**

     **v.**

                                            **Case No. 16-2292-JAR-GLR**

**UNITED STATES DEPARTMENT OF
JUSTICE, et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER

On May 9, 2016, Plaintiff Garland Williams filed a Complaint against the United States Department of Justice and several federal and state judicial officers, based on a state court judgment requiring him to pay child support.  He alleges in this case that efforts to enforce the child support judgment against him violate his rights.  This matter is before the Court pursuant to Magistrate Judge Rushfelt's May 18, 2016 Order to Show Cause (Doc. 7).  The Order to Show Cause explained that the Complaint fails to provide a short and plain statement of Plaintiff's claim showing that he is entitled to relief because it contained no factual allegations that would support any legally cognizable claim for relief.  Judge Rushfelt also identified jurisdictional barriers to Plaintiff's claims: the defendants are immune from suit under the doctrines of either sovereign or judicial immunity, and because Plaintiff's attempt to challenge a state court judgment is barred by the *Rooker-Feldman* doctrine.  Plaintiff was ordered to show good cause in writing by June 2, 2016 why his case should not be dismissed for lack of jurisdiction, or for failure to state a claim upon which relief may be granted.

Since the time Judge Rushfelt entered his Order to Show Cause, Plaintiff has filed several submissions: (1) Motion for Decree Order with Memorandum in Support on May 26, 2016; (2)

Motion to Amend Complaint filed on June 2, 2016; (3) Affidavit of Judicial Review filed on June 16, 2016; (4) Unopposed Notice of Abstain CM/ECF on August 1, 2016; and (5) Joint Motion for Leave to Amend Complaint on October 13, 2016.[1]  The Court has liberally construed these documents and finds that they fail to address the deficiencies cited in Judge Rushfelt's Order to Show Cause.

The most recent motion for leave to amend seeks to amend several of the named parties. It changes most of state and federal officers named in the original Complaint, and instead names the United States Department of Justice, United States Secretary of the Treasury Jacob Lew, Kansas Attorney General Derek Schmidt, Former Secretary of the Kansas Department of Social and Rehabilitation Services Don Johnson, an "Unknown Accomplice" located at the Shawnee County, Kansas courthouse, Lousiana Attorney General Jeff Landry, Chief Justice of the Kansas Supreme Court Lawton Nuss, Chief Justice of the Louisiana Supreme Court Bernette J. Johnson, and Rebecca S. Kennedy, a Hearing Officer for the State of Louisiana.

Under Fed. R. Civ. P. 15(a), leave to amend a complaint is freely given when justice so requires.[2]  A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[3]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[4]  Here, the additional parties identified by Plaintiff would not fix the immunity issues cited by Judge Rushfelt, nor would it address the *Rooker-Feldman* doctrine.  The judicial officers named in the

---

[1]Because Plaintiff filed a judicial review complaint against the undersigned district judge, and against Magistrate Judge Rushfelt, this Court withheld ruling on the underlying motion until that matter could be decided. The complaint has now been denied.

[2]Fed. R. Civ. P. 15(a)(2).

[3]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[4]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

proposed amended complaint would enjoy absolute immunity because the facts allege that any deprivation occurred while they were operating within the scope of their judicial duties.[5] Likewise, any claims against the Department of Justice or the Department of Treasury would be barred by sovereign immunity.[6]  Finally, Plaintiff's efforts to avoid state court child support orders is clearly barred by the *Rooker-Feldman* doctrine, which "prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[7]  The doctrine deprives lower federal courts of jurisdiction to hear "claims that are either (1) actually decided by a state court, or (2) 'inextricably intertwined' with a prior state court judgment."[8]  The Court agrees that Plaintiff's proposed Amended Complaint collaterally attacks a state court judgment, that the state court had jurisdiction over the matter.  The Court agrees that Plaintiff effectively seeks to appeal that order in filing this case.  Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to revisit a child support order.

   **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's  Motion to Amend Complaint (Doc. 14) is **denied**; Plaintiff's previously-filed Motion for Leave to Amend Complaint (Doc. 11)  and Motion for Decree Order (Doc. 8) are **moot**.

   **IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Complaint is **dismissed without prejudice for lack of jurisdiction**.

---

[5]*See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding judicial immunity is an immunity of suit that can only be overcome when the judge takes action outside of his or her judicial capacity, or without jurisdiction); *see also Moss v. Kopp*, 559 F.3d 1155, 1163–64 (10th Cir. 2009) (explaining that state officials charged with executing a facially valid court order also enjoy absolute judicial immunity).

[6]*See, e.g.*, *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[7]*Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[8]*Dickerson v. Bates*, 104 F. App'x 699, 700 (10th Cir. 2004) (citations omitted).

**IT IS SO ORDERED.**

Dated: November 7, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE